Calixto **RODRIGUEZ–GONZALEZ,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20676.

United States Court of Appeals
Ninth Circuit.
May 11, 1967.

David C. Marcus, Los Angeles, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and HALBERT, District Judge.

HALBERT, District Judge:

Calixto Rodriguez-Gonzalez appeals from his conviction following a trial by jury on an indictment alleging illegal concealment and transportation of marijuana in violation of Title 21 U.S.C. § 176a. Appellant asserts four errors upon which he seeks reversal of his conviction: (1) the search of the automobile which appellant was driving was illegal and the evidence thus obtained was therefore improperly used at his trial; (2) appellant was deprived of his right to confront the informer whose information led to the discovery of the marijuana; (3) the trial court instructed the jury in an improper manner; and (4) the evidence was insufficient to support the verdict.

The central facts concerning the search of the car driven by appellant are not in dispute. We quote from appellant's brief:

"Acting on information from an informant [1] who supplied three automobile license numbers, that a car bearing one of the numbers would enter the United States at the Mexican border through San Ysidro, a part [sic] of entry. On June 11, 1965, Customs officers observed a car with one of the license numbers furnished them by the informant enter the United States driven by a male occupant (not the defendant) and a female companion. This car was permitted to pass through the Port and was followed by Customs officers to San Diego, California, where the car was parked on a public parking lot. The driver and woman companion left the vehicle and disappeared. They were never apprehended.

"The following day at approximately 11:00 A.M., the defendant was observed approaching the automobile, look into the car, depart and later return. He drove the car from the parking lot, entered the freeway towards Los Angeles and was stopped by Customs officers several miles from its starting point on the parking lot. A search of the vehicle disclosed marihuana [sic] in the door panels." (Appellant's brief, pp. 20–21.)

The trial judge admitted the marijuana into evidence on the apparent ground that the Customs officers, having received information from a reliable informant, and such information being corroborated by subsequent events observed by the officers, had probable cause to stop and search, without a warrant, the vehicle which they believed contained contraband (See: RT 55:10–13, relying upon Jones v. United States, 326 F.2d 124 (9th Cir. 1963)). We do not reach that issue but affirm on the alternative ground that the search was a valid "border search." The term "border

---

1. The undisputed evidence shows that " * * * the informant gave [Agent Burnett] three license numbers. Stated that they were cars of Patricio Becerra, a well-known narcotic dealer in Ti- juana, and they would be used to facilitate the entry of the load of marijuana into the United States from the Tijuana area" (RT 42:24–43:3). [Footnote by the Court]

search" has been defined and discussed at length in numerous decisions of this Circuit. (See, e. g. Plazola v. United States, 291 F.2d 56 (9th Cir. 1961); Corngold v. United States, 367 F.2d 1 (9th Cir. 1966) (dissenting opinion); Murgia v. United States, 285 F.2d 14 (9th Cir. 1960); Alexander v. United States, 362 F.2d 379 (9th Cir. 1966)). It is therefore unnecessary to discuss the doctrine at length. It is sufficient for this case to say that a border search is an exception to the general requirement of probable cause which must support a search with or without a warrant. Thus certain officers of the United States (in this case Customs officials) have the authority to stop and search, upon mere suspicion of illegal activity within their jurisdiction, persons and vehicles that cross the international border into the United States. As this Court noted in Alexander v. United States, 362 F.2d 379, at 382 (9th Cir. 1966):

> "Accordingly, it is well settled that a search by Customs officials of a vehicle, at the time and place of entering the jurisdiction of the United States, need not be based on probable cause; that 'unsupported' or 'mere' suspicion alone is sufficient to justify such a search for purposes of Customs law enforcement."

█ Seeking to distinguish the case at bar from the general rule, the appellant points to the fact that the car in which he was arrested was not stopped at the time it crossed the border, but rather some fifteen hours and twenty miles later. Again we quote from Alexander v. United States, supra at 382:

> "Where, however, a search for contraband by Customs officers is not made at or in the immediate vicinity of the point of international border crossing, the legality of the search must be tested by a determination whether the totality of the surrounding circumstances, including the time and distance elapsed as well as the manner and extent of surveillance, are such as to convince the fact finder with reasonable certainty that any contra-

band which might be found in or on the vehicle at the time of search was aboard the vehicle at the time of entry into the jurisdiction of the United States. Any search by Customs officials which meets this test is properly called a 'border search'."

Here there can be no doubt that the manner and extent of the surveillance of the car appellant was driving excludes the possibility that the marijuana found hidden in the rear door was placed there at any time following entry into the United States. From the time the car in question crossed the international border at San Ysidro until it was stopped a few miles north of San Diego, it was under constant surveillance by a team of officers. Nothing occurred during that period of time which would suggest the marijuana (hidden behind a door panel secured with screws) might have been placed in the car after it crossed the border.

█ Appellant also suggests that the change of drivers that occurred in San Diego is in some way significant. Since, however, "the primordial purpose of a search by Customs officers is not to apprehend persons, but to seize contraband property unlawfully imported or brought into the United States" (Alexander v. United States, supra at 382), we cannot see that a change of drivers in any way debases the authority of the Customs officers. We thus hold the search of the car appellant was driving to be a valid border search. The marijuana thus legally seized provided probable cause for appellant's arrest without a warrant.

The remaining contentions raised by appellant are clearly without merit. We accordingly deal with them summarily.

█ 1. The refusal of the trial judge to order the government to identify the informer was proper in view of the fact that appellant did not, nor so far as is apparent from the record could not, show that the identification requested would in any way have aided his defense (See: Roviaro v. United States, 353 U.S. 53 at 60–61, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Miller v. Sigler, 353 F.2d 424,

427 (8th Cir. 1965); compare, McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (March 20, 1967).)

2. The charge that evidence was insufficient to support the verdict is patently without merit. The proof of *mens rea* was, as it nearly always is, based upon circumstantial evidence, but it was sufficient here to support the verdict. Compare, Aguilar v. United States, 363 F.2d 379 (9th Cir. 1966).

3. The instruction which appellant attacks as "misleading, garbled and unintelligible" was sufficiently clear. Appellant's reliance upon Chavez v. United States, 343 F.2d 85 (9th Cir. 1965), is under the circumstances of this case, misplaced.

Affirmed.