Ernesto GONZALEZ-ALONSO and Jorge Gumersindo Valdemar y Dorta, Appellants,

v.

UNITED STATES of America, Appellee.

No. 21462.

United States Court of Appeals Ninth Circuit.

June 7, 1967.

David C. Marcus, Los Angeles, Cal., for appellants.

Edwin L. Miller, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, POPE and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge:

Appellants, Ernesto Gonzalez-Alonso (hereinafter Gonzalez), and Jorge Gumersindo Valdemar y Dorta (hereinafter Valdemar), were convicted following a jury trial, of the first count of a three-count indictment. Count One charged that appellants and Gustavo Sanchez, Angel Luis Ruiz-Rodriguez, an unindicted co-conspirator, and divers other persons to the Grand Jury unknown, agreed, confederated and conspired together to commit offenses against the United States, namely, knowingly and with intent to defraud the United States, to import and bring into the United States from Mexico and to smuggle and clandestinely introduce into the United States from Mexico, marijuana, without presenting said marijuana for inspection, and without entering and declaring said marijuana as required by United States Code, Title 19, Sections 1459, 1461, 1484 and 1485, and to conceal, and facilitate the concealment and transportation of marijuana which had been transported into the United States contrary to law, said agreement and conspiracy being in violation of 21 U.S.C. Section 176a. Two overt acts to effect the object of the conspiracy are alleged.

Count Two alleged that appellants knowingly aided, abetted and procured others named therein to smuggle into the United States approximately 80 pounds of marijuana, with intent to defraud the United States.

Count Three alleged that appellant Gonzalez aided, abetted and procured Valdemar, and others named in Count Three, with intent to defraud the United States, to knowingly conceal, and facilitate the transportation and concealment of approximately two pounds of marijuana which had been imported and brought into the United States contrary to law, as appellants well knew.

Count Two was dismissed on motion of the government, before the jury was sworn, as to appellants and all other persons therein named.

At the conclusion of the government's case, a motion for judgment of acquittal was granted as to appellants and others therein named in Count Three.

Appellant Gonzalez was committed to the custody of the Attorney General for a term of ten years, and appellant Valdemar was committed to the custody of the Attorney General for a term of seven years.

On this appeal appellants urge as grounds for reversal of the conviction that the district court erred:

1. In receiving into evidence marijuana that was the fruit of an unlawful search and seizure;

2. In denying their motions for acquittal, made on the ground that the evidence was insufficient to establish the existence of a conspiracy; and

3. In denying their motions for acquittal on the ground that the evidence

was insufficient to establish appellants' participation in the conspiracy, if a conspiracy existed.

We will first consider the propriety of the district court's order denying appellants' motion to suppress evidence consisting of a large quantity of marijuana which was seized from a 1956 Mercury automobile driven by one, Herrera. The seizure was without a search warrant, and Herrera, and later the appellants, were arrested without warrants of arrest.

The evidence introduced at the hearing on the motion to suppress may be summarized as follows:

On March 23, 1965, Customs Agents were informed by an unidentified informer that a certain 1956 Mercury automobile, of a certain color and bearing certain numbered California license, was loaded with a quantity of marijuana in Tijuana, Mexico, and would cross the international border and enter the United States, at San Ysidro, California, probably on the following morning.

On the following morning the described automobile crossed the international border from Tijuana, at San Ysidro, and entered the United States. The Customs Agents were advised of this entry. The automobile was not stopped or searched when it crossed the border. Customs Agents immediately got into a vehicle and followed the Mercury car which had two occupants. At a distance of some eleven miles from the border, the Mercury stopped and one of the occupants got out of the car. The Customs Agents approached the Mercury and identified themselves. The agents removed from the vehicle two packages which later proved to be marijuana., They had no search warrant. They arrested the driver who proved to be one, Herrera. They also arrested the other occupant, but had no warrants of arrest. The occupant was later released as it developed he was an innocent hitchhiker.

The car was removed to the Customs Garage in San Diego and a further search revealed thirty-eight more packages of marijuana. The total quantity of marijuana seized was approximately seventy-five pounds.

Two packages of marijuana were replaced in the door panel of the Mercury, and the Mercury proceeded to Los Angeles with Herrera driving and being accompanied by a Customs Agent. Appellant Gonzalez was arrested by the Customs Agent in Los Angeles shortly after the arrival of the Mercury. His arrest was without a warrant.

On the motion to suppress, appellants contended that the unidentified informer was not shown to be reliable; that the seizure of the marijuana was made without a search warrant and without probable cause; and that the arrest of the appellant Gonzalez was without a warrant and without probable cause.

The district court held that the search was a border search, and that the legality of the arrest of the appellant Gonzalez was immaterial since no marijuana was obtained as a result of that arrest. At the trial the marijuana seized was received in evidence. We agree with the district judge that the search was a border search.

Recently we had before us the case of Rodriguez-Gonzalez v. United States, 378 F.2d 256 (9th Cir. 1967), decided May 11, 1967. In that case we stated:

"The term 'border search' has been defined and discussed at length in numerous decisions of this Circuit. (See, e. g. Plazola v. United States, 291 F.2d 56 (9th Cir. 1961); Corngold v. United States, 367 F.2d 1 (9th Cir. 1966) (dissenting opinion); Murgia v. United States, 285 F.2d 14 (9th Cir. 1960); Alexander v. United States, 362 F.2d 379 (9th Cir. 1966)). It is therefore unnecessary to discuss the doctrine at length. It is sufficient for this case to say that a border search is an exception to the general requirement of probable cause which must support a search with or without a warrant. Thus certain officers of the United States (in this case Customs officials) have the authority to stop and search,

upon mere suspicion of illegal activity within their jurisdiction, persons and vehicles that cross the international border into the United States. As this Court noted in Alexander v. United States, 362 F.2d 379, at 382 (9th Cir. 1966):

'Accordingly, it is well settled that a search by Customs officials of a vehicle, at the time and place of entering the jurisdiction of the United States, need not be based on probable cause; that "unsupported" or "mere" suspicion alone is sufficient to justify such a search for purposes of Customs law enforcement.'

Seeking to distinguish the case at bar from the general rule, the appellant points to the fact that the car in which he was arrested was not stopped at the time it crossed the border, but rather some fifteen hours and twenty miles later. Again we quote from Alexander v. United States, supra, at 382:

'Where, however, a search for contraband by Customs officers is not made at or in the immediate vicinity of the point of international border crossing, the legality of the search must be tested by a determination whether the totality of the surrounding circumstances, including the time and distance elapsed as well as the manner and extent of surveillance, are such as to convince the fact finder with reasonable certainty that any contraband which might be found in or on the vehicle at the time of search was aboard the vehicle at the time of entry into the jurisdiction of the United States. Any search by Customs officials which meets this test is properly called a "border search".' "

The district court did not err in receiving into evidence the marijuana seized from the Mercury automobile.

We now consider appellants' contentions that the evidence was insufficient to establish conspiracy, and insufficient to connect appellants with the conspiracy, if one existed.

The chief witness for the prosecution was Herrera. His testimony, which we need not review in detail, furnished abundant evidence upon which a jury could find beyond a reasonable doubt that the conspiracy alleged, existed.

Herrera testified that he had been instructed to take the Mercury to Third and Columbia Streets in Los Angeles, and wait; that upon arriving at the designated place, Gonzalez circled the block in which the Mercury was parked, a couple of times, and stopped near the Mercury and told Herrera to leave the vehicle. They entered a store where Gonzalez asked: "Are you sure you haven't been followed?" Gonzalez told Herrera that the Federal agents were two or three blocks behind, and instructed Herrera to take the Mercury around the corner and park behind the Studebaker. Gonzalez gave Herrera $5.00 and told him, "You go and stay in a movie, or something, and later you come and pick up the car at the same place."

Gonzalez was arrested later, some little distance from where the Mercury was parked. Appellant Valdemar waved to Herrera to stop, after Herrera spotted the Studebaker. Valdemar entered the Mercury shortly after Herrera stopped. Later an officer stopped the Mercury which was then being driven by Valdemar. Valdemar was arrested, the car was searched, and the two packages of marijuana that had been replaced in the door panel at San Diego were recovered.

■ By its verdict the jury was convinced of the guilt of the appellants beyond a reasonable doubt. We have carefully reviewed the evidence connecting the appellants with the conspiracy and are satisfied that the evidence was such that "reasonable minds could find that the evidence excludes every hypothesis but that of guilt." Kaplan v. United States, 329 F.2d 561, at 563 (9th Cir. 1964.)

The judgments of conviction are affirmed.