**Victor Manuel CASTILLO–GARCIA,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22991.**

United States Court of Appeals,
Ninth Circuit.

April 10, 1970.

Frederick L. Hetter (argued), of Chapman & Hetter, San Diego, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge.

Appellant appeals from a judgment of conviction under 21 U.S.C. § 176a for knowingly concealing and transporting 165 pounds of marihuana which he knew to be imported and brought into the United States contrary to law. The basis for the conviction was evidence found during a search of the car appellant was driving. The trial court denied appellant's motion to suppress the evidence as the product of an illegal search and seizure.

Customs Agent Martin received information from an informant that a 1953 green and black Oldsmobile with license number JDC 432 would enter California within a day or two carrying a large quantity of marihuana. A day later when such a car did enter California, Martin and another agent followed the car, keeping it under surveillance. They followed the car for about four hours as it went from Calexico through Brawley to Coachella where it stopped at approximately seven A.M., and the driver went into a nearby residence. About two hours later, the driver returned and drove

---

* Honorable William M. Byrne, United States Senior District Judge, Los Angeles, California, sitting by designation.

to a cafe about fifteen miles away where he parked the car on the street. At approximately eleven A.M. the appellant drove up in a 1959 Oldsmobile. He and the driver of the 1953 Oldsmobile had a short conversation and then the two drove separately about one hundred yards to a spot on the road where appellant got into the 1953 Oldsmobile and drove it back to Coachella. There, the previous driver got out and appellant drove on toward Indio. Five miles from Indio, 105 miles from the border, and seven hours after the car crossed the border at Calexico, a Riverside County Deputy Sheriff, pursuant to a request by the customs agents, stopped the car. Agent Martin, who was following about one-tenth of a mile behind the officer who stopped the car, arrived shortly thereafter and searched the car, finding the marihuana.

Martin testified that he had the 1953 Oldsmobile under surveillance from the time it crossed the border until the time of the search, except for some periods of time, not exceeding a total of fifteen minutes. Martin testified that he was informed over the radio that other agents had the car under surveillance during these intervals in which he did not. There was no objection to this hearsay testimony.

 The trial court held that the search was a lawful border search, there being continuous surveillance of the car from the time it crossed the border until the time it was searched. The court did not make a finding on whether there was probable cause for the search. The court found it unnecessary to reach this issue, for probable cause is not required for a lawful border search. Appellant specifies two errors: (1) the court erred in denying him the right to argue lack of probable cause; (2) the court erred in determining that the search was a border search.

We agree with the District Court that this was a border search and that probable cause was therefore not relevant.

In Alexander v. United States, 362 F.2d 379 (9th Cir. 1966), the Court stated that the legality of a search for contraband by customs officers, not made at or in the immediate vicinity of the border, "must be tested by a determination whether the totality of the surrounding circumstances, including the time and distance elapsed as well as the manner and extent of surveillance, are such as to convince the fact finder with reasonable certainty that any contraband which might be found in or on the vehicle at the time of the search was aboard the vehicle at the time of entry into the jurisdiction of the United States." (362 F.2d at 382). See also Bloomer v. United States, 409 F.2d 869, 9 Cir., 1969.

In King v. United States, 348 F.2d 814 (9th Cir. 1965), a car was stopped eight miles from the border, after only a short time, and after constant surveillance of the car from the time it crossed the border. The Court found the search was a "border search". In Murgia v. United States, 285 F.2d 14 (9th Cir. 1960), customs officers followed the defendant after he crossed the border on foot. When he entered a car and rode a mile and a half, the officers stopped the car and made the search. This search, a mile and a half from the border after constant surveillance, was held to be a "border search". In Leeks v. United States, 356 F.2d 470 (9th Cir. 1966), the Court found a "border search" where the car was "tailed" by several officers who lost sight of the car only momentarily, and where the car was stopped fifteen miles from the border. (There was a shift in who pursued Leeks, brought about by intercommunication of officers over their radios.) See also Gonzales-Alonso v. United States, 379 F.2d 347 (9th Cir. 1967) (eleven miles from the border). See also Judge Duniway's concurring opinion in Jones v. United States, 326 F.2d 124, 130 (9th Cir. 1963), holding that a search sixty-seven miles from the border was a "border search". Rodriguez-Gonzalez v. United States, 378 F.2d 256 (9th Cir. 1967), is probably of even greater support to appellee. The

Court held that a search after constant surveillance for fifteen hours, twenty miles from the border, and after a driver change, was a lawful "border search". The Court found nothing in the manner of the surveillance, the distance travelled, or the time elapsed which would indicate that the contraband was placed in the car after it crossed the border.

■■ Appellant argues that a search 105 miles from the border is too far away from the border to be considered a "border search", and relies upon Contreras v. United States, 291 F.2d 63 (9th Cir. 1961). *Contreras* holds that a search by immigration officers looking for aliens seventy-two miles from the border, where there has been no suspicious behavior at the border and no surveillance or pursuit, may not be sustained as a "border search". *Contreras* is easily distinguishable from the instant case: here the customs officers followed appellant continuously from the time he crossed the border, whereas in *Contreras* there was no surveillance. Consequently, there was no reasonable certainty that any contraband found in or on the car at the time of the search was aboard the car at the time it entered the country.

The distance from the border, whether it be 105 miles or 500 miles, is important only as it relates to the surveillance and any other circumstance which aids the fact finder in determining with reasonable certainty that any contraband which might be found in the vehicle at the time of the search "was aboard the vehicle at the time of entry into the jurisdiction of the United States".

In the instant case there was a change of drivers, but the fact that the marihuana weighed 165 pounds, coupled with the surveillance, obviated any possibility that it was placed in the car after the car entered the United States.

■■ Appellant contends the hearsay testimony that during the intervals when Officer Martin did not have the car under surveillance, another officer did, should not have been admitted. There was no objection to this evidence. Ordinarily when there is no objection to hearsay evidence, it is a clear indication that the evidence is not disputed. Hearsay evidence is admissible and may support a finding, in the absence of objection. Pearson v. Dennison, 353 F.2d 24, 29 n. 10 (9th Cir. 1965).

Finding the appellant's contentions to be without merit, we affirm the judgment of the District Court.