## HARRIS ET AL. *v.* UNITED STATES

No. 780.   Decided October 10, 1970

MR. JUSTICE DOUGLAS, Circuit Justice.

This is an application for a stay of a judgment of the Court of Appeals pending disposition of a petition for certiorari which has been filed here.   The United States has filed its opposition.   The stay has been denied by the Court of Appeals and I am reluctant to take action contrary to what it has done.   There are, however, two questions in the case not heretofore decided by this Court which are of considerable importance.

First is a question of the propriety of petitioners seeking relief here.   The District Court suppressed evidence seized on a so-called "border" search and the United States appealed.   Its appeal apparently was under 18 U. S. C. § 1404 which creates an exception to the ban against appeals which are not "final" within the meaning of 28 U. S. C. § 1291, a ban to which we gave full enforcement in *DiBella* v. *United States,* 369 U. S. 121. Under that decision petitioners could not appeal to the Court of Appeals from an adverse decision in the District Court.   Whether they could appeal from an adverse ruling of the Court of Appeals is a question we have not adjudicated.

Beyond that may be a question concerning the propriety of the Government's appeal, though the question does not seem to be raised by petitioners. Title 18 U. S. C. § 1404 provides in part:

> "[T]he United States shall have the right to appeal from an order granting a motion for the return of seized property *and* to suppress evidence made before the trial of a person charged with a violation of—

> . . . . .

> (2) subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U. S. C., sec. 174) . . . ." (Emphasis supplied.)

The order of the District Court apparently did not provide for the return of the property. The statute does not *in haec verba* grant an appeal if there was "suppression" alone. In light of *DiBella,* the question is whether the statute will be strictly construed against appealability.*

Second is a question under the Fourth Amendment. The Court of Appeals has adopted the rule that "probable cause" is not necessary for "a lawful border search." *Castillo-Garcia* v. *United States,* 424 F. 2d 482, 484. In that case the "border search" took place 105 miles from the border and seven hours after the entry of the car from Mexico, the vehicle having been followed and kept under constant surveillance by Customs agents. In the present case the truck entered this country from Mexico at San Ysidro, California, and was seized and searched

---

*While § 1404 (2) refers to a section dealing with marihuana, § 174 is also cited in § 1404 (2) and § 174 covers narcotics rather than marihuana. So a related question is whether that ambiguity will be resolved in favor of the rather strict policy reflected in *DiBella.*

when it was parked in Los Angeles, some 150 miles distant. The statute, 19 U. S. C. § 482, allows searches by Customs agents where they have "a reasonable cause to suspect" that there is merchandise being imported contrary to law. While the test in the Ninth Circuit of the legality of the extended border search is constant surveillance of the vehicle or person after entry, the Fifth Circuit rests on "reasonable cause to suspect." See *Stassi* v. *United States*, 410 F. 2d 946, 951. The difference between these two approaches has been noted in the Second Circuit. *United States* v. *Glaziou*, 402 F. 2d 8, 13–14, n. 3; *United States* v. *Pedersen*, 300 F. Supp. 669. The rather old dictum of this Court in *Carroll* v. *United States*, 267 U. S. 132, 154, hardly meets the refinements of these new distinctions.

I indicate no view of the merits on either of the two questions but have said only enough to illustrate the substantial nature of the questions presented. For these reasons I have concluded to grant the stay requested.