UNITED STATES of America, Plaintiff-Appellee,

v.

A. J. ZITO, Defendant-Appellant.

No. 26–718.

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1971.

Felice R. Cutler, Los Angeles, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Asst. U. S. Atty., Chief, Crim. Div., Stephen W. Peterson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WRIGHT, TRASK and CHOY, Circuit Judges.

CHOY, Circuit Judge:

A. J. Zito (appellant) appeals his conviction by a jury of conspiring to import illegally into and knowingly concealing and facilitating the transportation and concealment within the United States of 184 pounds of marijuana in violation of 21 U.S.C. § 176a. He attacks his conviction on the grounds that the District Court erred in denying his motions to: (1) suppress evidence obtained as the result of an allegedly illegal search and seizure; (2) sever his trial from that of his three co-defendants, Lawrence Graham, Paul Sutton, and Clark Timmons; and (3) force disclosure of the identity of the Government's informer. Appellant also asserts that the evidence is insufficient to support a guilty verdict. We affirm his conviction.

Graham offered Angelo Provenzano $50 cash and the cancellation of a $550 debt if he would drive a car loaded with marijuana (a "load car") from near San Diego to Orange County, California. Provenzano agreed. On April 11, 1969, Graham, Provenzano, appellant, Sutton, and Timmons drove, in Graham's car, to Timmons' apartment near San Diego. After Graham and Timmons made several telephone calls to Mexico, the entire group drove to a parking lot in Chula Vista, California, where Provenzano got into the load car, a 1961 Chevrolet, which had been left in the lot unattended. Provenzano then drove the load car northward, followed by the four others in Graham's car. Along the route, the load car overheated, and appellant aided Provenzano in pouring water into the radiator. Shortly thereafter, both cars were stopped at the San Onofre check station. The load car was searched, revealing 84 bricks of marijuana in the trunk. All five men were arrested. .

This arrest was the result of surveillance of the load car which began earlier in the day at the Mexican border. United States Customs Agent David Burnett was told by an informer that a large shipment of marijuana would be driven across the border by Olga Pescadore. The informer identified Pescadore shortly after she crossed the border driving the Chevrolet. She was followed to the Chula Vista parking lot, where she left the load car. Forty-five minutes later Provenzano arrived and drove the car toward Los Angeles. The load car was under surveillance until the arrests were made at San Onofre.

Appellant, Graham, Sutton, and Timmons were tried together. Provenzano's trial was severed from that of the other four, and he testified against them.

■■ 1. The District Court was correct in denying appellant's motion to suppress the marijuana found in the load car because the search, although made at San Onofre, was a border search. Probable cause is not required to make a search at or near the border. United States v. Weil, 432 F.2d 1320 (9th Cir. 1970); Rodriguez-Gonzalez v. United States, 378 F.2d 256 (9th Cir. 1967). Close proximity to the actual border is not required provided that the vehicle searched has been under surveillance. Lannom v. United States, 381 F. 2d 858 (9th Cir. 1967). Constant surveillance, however, is not required. Alexander v. United States, 362 F.2d 379 (9th Cir. 1966). Nor is it relevant that the car itself may not have crossed the border, United States v. Markham, 440 F.2d 1119 (9th Cir. 1971), or that there was a change of drivers, Rodriguez-Gonzalez, supra. This case is a typical example of a properly extended border search.

■ 2. The District Court was correct in denying appellant's severance motion, which was based on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In Bruton the Supreme Court held that the out-of-court confession of a co-defendant implicating other co-defendants could not be admitted at their joint trial. But, Bruton applies "* * * only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination." Nelson v. O'Neil, 402 U.S. 622, 627, 91 S.Ct. 1723, 1726, 29 L.Ed.2d 222, 227 (1971) (emphasis in original). Here Provenzano, who had been indicted as a co-conspirator, testified against appellant. His trial had been severed from appellant's; he was on the stand subject to complete cross-examination. In this situation Bruton is inapplicable. Nor can we say that the District Court abused its considerable discretion in refusing to sever appellant's trial from that of Graham, Sutton, and Timmons. Parker v. United States, 404 F.2d 1193 (9th Cir. 1968).

■ 3. The District Court was correct in denying appellant's motion to require disclosure of the identity of the Government's informer. This motion was made on the basis of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), in which the Supreme Court ordered the identification

of an informer who had actually participated in the crime and whose testimony would be material to the preparation of a defense. While recognizing that each case must be decided on its own facts, the Court held that disclosure was constitutionally warranted only when the informer's identify is essential to a fair determination of the case, or is relevant and helpful to the preparation of the accused's defense. In each case, the courts must balance the public interest in protecting the flow of information to the police with the individual's right to prepare his defense. *Roviaro, supra*, at 60–62, 77 S.Ct. 623, 1 L.Ed.2d 639.

In this case the informer never saw appellant. He merely told Agent Burnett that a load car would be crossing the border and then identified the car when it did enter the United States. Thereafter he had nothing to do with the case. There is no evidence that the informer participated in any phase of the alleged conspiracy. The informer here is not necessary to resolve a crucial conflict of testimony, Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968), or to establish a defense, such as entrapment, Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965). His identity is not essential to the presentation of appellant's case. *Rodriguez-Gonzalez, supra; Lannom, supra. See,* United States v. Kelly, 449 F.2d 329 (9th Cir. 1971).

4. We have reviewed all the evidence, and we cannot say that it is insufficient to support the guilty verdict. Appellant's statements and actions indicate more than mere presence. He had a stake in the venture and committed overt acts to further its success. He expressed a desire to obtain some of the marijuana. He assisted Provenzano in cooling the overheated load car. He kept watch out of the rear window of Graham's car. From the evidence, the jury could reasonably infer that appellant was an active member of the conspiracy.

Affirmed.