**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Torres GUZMAN, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Pablo Campos LOPEZ, Defendant-Appellant.**

**Nos. 72–1709, 72–1216.**

United States Court of Appeals,
Ninth Circuit.

Dec. 26, 1972.

Rehearing Denied May 8, 1973.

Certiorari Denied Oct. 15, 1973.
See 94 S.Ct. 251.

occasions. He identified appellants and Baca by name. He described the vehicle to be used with accurate particularity and gave the license number, as well as when and where the appellants would be in Mexicali and the kind of narcotic involved. It was also shown that Customs Agents, acting on this information, began surveillance of Baca's car in Mexicali, Mexico, and arrested the three shortly after they crossed the border, the arrest taking place some six miles from the port of entry.

The testimony of the Customs Agents established that surveillance was temporarily lost while the car went down a dirt road in Mexicali, and then the car subsequently reappeared. The area in which the car disappeared is notoriously infested with narcotic dealers. When the car reappeared, the surveillance was constant until the actual time and place of arrest some six miles outside of Calexico, California.

At the trial it was shown that the government's main witness, Baca, had made a statement before the magistrate that he, alone, was responsible for the heroin and that Lopez and Guzman had nothing to do with the transaction. It was also shown that Baca was allowed to plead guilty to a less serious offense than that charged against the appellants. There was also evidence that the appellants offered Baca $20,000.00 to take the "rap" for them. This offer was allegedly made between the time of the arrest and arraignment before the magistrate.

The informant who gave the Customs Agents the tip was never identified in court. The trial judge interviewed the Customs Agent on this subject, in camera, and ascertained that the informer had been reliable on previous occasions and that he was not a party to the transaction, nor present when the narcotics were seized. On the basis of the interview with the Customs Agent, the trial judge denied appellants' motions to reveal the identity of the informant.

John A. Mitchell (argued), of Mitchell, Schmidt & D'Amico, San Diego, Cal., Nancy Ann Baker (argued), San Leandro, Cal., for defendants-appellants.

Shelby R. Gott, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before TRASK and CHOY, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

These consolidated appeals are from judgments of conviction following jury verdicts of guilty on a three-count indictment charging conspiracy to import, importing, transporting and concealing approximately 2.2 pounds of heroin, in violation of 21 U.S.C. § 174. We affirm.

The evidence adduced at the trial reveals that Lopez, Guzman and Baca smuggled the heroin across the Mexican border in the spare tire of Baca's 1968 Dodge Charger through the port of entry at Calexico, California. An informant contacted the Customs Agent on two

---

* Hon. J. Blaine Anderson, United States Judge for the District of Idaho, sitting by designation.

Appellants cite many alleged errors in the proceedings and trial, only a few of which we feel merit discussion. Appellants argue that denial of the motions to reveal the identity of the informant and to suppress the evidence gained from the search of Baca's vehicle constitutes reversible error. This argument assumes that the search of Baca's vehicle was not a border search and that for the search to be made, there must be probable cause. We do not share this assumption. We hold that the search of Baca's vehicle was a border search and that pursuant to the provisions of 19 U. S.C. § 1581, the question of probable cause becomes irrelevant. As we stated in Alexander v. United States, 362 F.2d 379, at 381 (9th Cir. 1966):

> ". . . [T]he Congress has in effect declared that a search which would be 'unreasonable' within the meaning of the Fourth Amendment, if conducted by police officers in the ordinary case, would be a reasonable search if conducted by Customs officials in lawful pursuit of unlawful imports."

Thus, the reliability and identity of the informant are not crucially important factors when a border search is in question and from the record it is apparent that the trial judge took precautions to insure that all parties were treated fairly as to this issue.

The question of what constitutes a "border search" has been sufficiently discussed in this circuit, Rodriguez-Gonzales v. United States, 378 F.2d 256 (9th Cir. 1967). We do hold that the search of Baca's car is sufficiently analogous to the situation in *Rodriguez-Gonzales,* where the search took place fifteen hours after crossing and twenty miles from the border, to qualify as a valid border search. Thus, there was no error on the part of the trial judge in denying the defendants' motion.

The defendants also charge that the evidence was insufficient to sustain the conviction of the appellants. Viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), Mosco v. United States, 301 F.2d 180 (9th Cir. 1962), we find that a jury could reasonably find the appellants guilty as charged in the indictment.

Appellants' other allegations of error do not merit discussion. Appellants were fairly tried and fairly convicted. The Judgment of the District Court is affirmed.