**UNITED STATES of America,**
**Plaintiff,**

v.

**John M. BRODZIK, Defendant.**
**No. Cr. 1972–272.**

United States District Court,
W. D. New York.

Oct. 30, 1973.

**296**

John T. Elfvin, U. S. Atty. (Martin D. Boudreau, Dept. of Justice Atty., Buffalo, N. Y., of counsel), for the Government.

Thomas C. D'Agostino, Buffalo, N. Y., for defendant.

CURTIN, District Judge.

The defendant, John M. Brodzik, was indicted with Guy DiViaio on a charge of conspiracy and smuggling in violation of 18 U.S.C. § 545. His codefendant, Guy DiViaio, has pled guilty and has been sentenced by the court. The smuggling charge arose from DiViaio and Brodzik's attempted entry into the United States from Canada on July 16, 1972 in a 1972 Cadillac. On July 18, 1972 following the second extensive search of the vehicle, a quantity of a controlled substance, ephedrine, was discovered in the spare tire. Brodzik filed a motion to suppress the seized contraband. A hearing was held on June 6, 1973. The court has considered the testimony at the hearing and the briefs filed by the attorneys, and the following constitutes findings of fact and conclusions of law.

On July 16, 1972 at about noon, Guy DiViaio and the defendant, John M. Brodzik, arrived at the Peace Bridge in Buffalo, New York from Canada in a 1972 Cadillac Eldorado bearing New Jersey registration VPT–645. Because the vehicle was on the lookout list, the Customs inspector at the primary station, Norman Gannon, directed the automobile to the secondary inspection area.

Inspector Gannon then telephoned Special Agent David Wright of the Customs Agency Service. Special Agent Wright's telephone inquiry to a Customs special agent in Philadelphia revealed that Mr. DiViaio was currently on a $20,000 bond in Corpus Christi, Texas as a result of a May 4, 1972 arrest for smuggling marijuana into the United States from Mexico. It was also learned that DiViaio might be transporting methamphetamine which would probably be located in a false bottom suitcase. The agents then conducted a thorough search of the vehicle, during which they tore out the seats and flooring, dismantled the headlights and taillights and searched the trunk, doors, rocker panels and the area beneath the hood. However, the fruits of this search were only ten valium tablets in the glove compartment and approximately eight seeds on the automobile's seat. When the agents checked the seeds against a drug chart, they determined that they were marijuana seeds. The government admits that the valium tablets are not a controlled substance and that it was not a violation for the defendants to have them in the vehicle.

Following this thorough search, the vehicle was seized and the agents referred the case to the District Director of Customs at Buffalo pursuant to 19 U.S.C. § 1605. Defendants were not arrested and were permitted to leave. The vehicle was placed in a Customs warehouse at the Peace Bridge, locked and the keys retained by the Customs office. Two days later, on July 18, 1973, a Customs inspector removed the car from the warehouse and proceeded to a service station where the spare tire was removed from the trunk of the vehicle and, upon dismantling it, he found five plastic-wrapped packages of white powder subsequently identified as ephedrine. The present indictment followed.

■ ■ The very nature of a smuggling charge implies that defendant Brodzik must have had some sort of pos-

session of the goods for a conviction to lie. Therefore Brodzik has standing to move to suppress the evidence seized in the vehicle. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Price, 447 F. 2d 23 (2d Cir. 1971).

It is settled that Customs agents are given broad power to search for goods illegally introduced into this country, 19 U.S.C. §§ 482, 1581, 1582. The constitutional standard to determine the validity of such a search is one of reasonableness. *See* 19 U.S.C. § 482; United States v. Glaziou, 402 F.2d 8 (2d Cir. 1968); cert. denied, 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126 (1969).

■ In this case, the Customs officers had the right on July 16 to search the vehicle driven by Mr. DiViaio when it appeared at the Peace Bridge at Buffalo, New York. However, when that "border" search was completed, this court does not believe that the agents had the authority to seize the vehicle and hold it for further search. Sections 482 and 1581 of Title 19, United States Code, give Customs officers the right to seize the vehicle if a border search reveals that the vehicle was carrying merchandise subject to duty or that it was being used for a breach of the laws. In this case, the following information was known to the Customs officers as a result of the intensive search of July 16. They knew that Mr. DiViaio had recently been charged with a serious violation of the marijuana laws in Texas; that an informant of unknown reliability had told the Philadelphia Customs agent that DiViaio would attempt to smuggle methamphetamine in false bottom suitcases into the United States, and that the intensive search had only revealed the valium tablets and the marijuana seeds. Perhaps this information would have supported a further *search* of the vehicle on July 16, but the statutes conferred no right to *seize* the vehicle. Because there is no statutory support for the seizure of the vehicle, the contraband found in the search on July 18 must be suppressed.

■ The government argues that the search of July 18 should be considered as an extension of the search made on the 16th of July. In support of its position, the government cites Castillo Garcia v. United States, 424 F.2d 482 (9th Cir. 1970); Rodriguez-Gonzales v. United States, 378 F.2d 256 (9th Cir. 1967). The court believes both of these cases are distinguishable from the instant case. In *Castillo Garcia* and in *Rodriguez-Gonzales*, although the search was made at a point remote from the border in time and in place, the officers kept the vehicle under surveillance for some time after the border crossing and they received further information which constituted probable cause for a search of the vehicle and arrest of the occupants. In those cases, while under surveillance the vehicle was controlled by the driver, not by the Customs officers. On many occasions the Supreme Court has stressed that, in determining the legality of a search, the court must look to what information the officers had at the time the search was made, not at what contraband was discovered as a result of the search, *see, e. g.*, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The court determines that at the time of seizure the officers did not have probable cause to do so and that holding the vehicle for two days before a second search was made is unreasonable. Therefore, the ephedrine found in the vehicle from the July 18 search shall be suppressed.

So ordered.