UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Odom CARTER,
Defendant-Appellant.

No. 77–2179.

United States Court of Appeals,
Ninth Circuit.

Nov. 3, 1977.

Fred Baker, San Francisco, Cal. (argued), for defendant-appellant.

Malcolm S. Segal, Asst. U. S. Atty., San Francisco, Cal. (argued), for plaintiff-appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and WILLIAMS, D., District Judge.*

DAVID W. WILLIAMS, District Judge.

Appellant arrived at San Francisco International Airport on a flight from Hong Kong. As he presented himself at customs, it was noticed that he appeared nervous and that he gave evasive answers concerning his occupation and the purpose of the overseas trip. An inspector conducted a "pat-down" search and found that Carter wore an arti-

---

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

ficial leg which had a vial and a "coke spoon" taped to it. A supervisor was called and demanded that Carter remove the leg for a more thorough examination. Appellant refused, saying that a physician and a special lubricant were needed. A telephone check with Veterans' Hospital put customs officers in touch with a physician who was familiar with Carter and who advised that Carter could easily remove the prosthesis without aid. Carter then removed the leg, revealing the presence of 63 packets of heroin.

Appellant's motion to suppress the contraband as the product of an illegal search was denied and he was convicted after a non-jury trial.

 This was a border search, and probable cause is not required to justify such a search. *Alexander v. United States,* 362 F.2d 379, 382 (9th Cir. 1966). Mere suspicion is enough to justify a non-intrusive border search, such as the "pat-down" that occurred here. *Rodriquez-Gonzalez v. United States,* 378 F.2d 256, 258 (9th Cir. 1967); *Alexander, supra.* The "pat-down" revealed the vial and coke spoon attached to the artificial leg. If we assume (we do not decide) that requiring removal of the artificial leg is equivalent to a strip search, the facts discovered in the "pat-down," together with what the customs agents already knew, and together with Carter's false statements about the difficulty of removing the prosthesis, gave the agents sufficient articulable facts to found a "real suspicion" that contraband was concealed in the prosthesis. More was not required. *United States v. Guadalupe-Garza,* 421 F.2d 876 (9th Cir. 1970); *Henderson v. United States,* 390 F.2d 805, 808 (9th Cir. 1967).

 We reject appellant's argument that the removal of the leg was the functional equivalent of a body cavity search. It in no way involves the same embarrassment and intrusion.[1] We hold that there were sufficient reasons shown for the search that led to the discovery of the vial and spoon, and that this discovery formed the basis for a

"real" suspicion that the artificial leg might be a storage place of contraband.

AFFIRMED.

---

1. See dissent in *United States v. Holtz,* 479 F.2d 89, 94 (9th Cir. 1972).