**UNITED STATES of America,.**
**Plaintiff—Appellee,**

v.

**Francisco Javier ORTIZ–PARTIDA,**
**Defendant—Appellant.**

No. 01–50664.
D.C. No. CR 01–1455 JNK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2002.

Decided Aug. 14, 2002.

Before REINHARDT, TROTT and TASHIMA, Circuit Judges.

MEMORANDUM *

Francisco Javier Ortiz–Partida appeals his conviction and the sentence imposed following his guilty plea to importation of

cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Routine searches at the border do not require objective justification, probable cause, or a warrant. *United States v. Montoya de Hernandez*, 473 U.S. 531, 538, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985). "The 'critical factor' in determining whether a border search is 'routine' is the 'degree of intrusiveness it poses.' " *United States v. Tsai*, 282 F.3d 690, 694 (9th Cir. 2002) (quoting *United States v. Molina–Tarazon*, 279 F.3d 709, 713 (9th Cir.2002)).

The parties dispute the level of suspicion required to justify the search conducted by Customs agents here.[1] We need not reach this issue, however, because, whatever standard of suspicion is required, the search in the instant case was minimally intrusive and was based on observations by customs officers sufficient to justify the search. *See United States v. Duncan*, 693 F.2d 971, 978 (9th Cir.1982) (holding that a border search was reasonable in scope and conduct because it did "not involve a serious invasion of personal privacy and dignity," where the appellant "was superficially patted down" and later required to remove his sweater and undershirt); *United States v. Carter*, 563 F.2d 1360, 1361 (9th Cir. 1977) (holding that "[m]ere suspicion is enough to justify a non-intrusive border search, such as the 'pat-down' that occurred here").

We do not reach the issue of whether Appellant's detainment constituted an arrest unsupported by probable cause because he did not expressly reserve the right to appeal the issue, thus waiving it.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we do not recite them here, except as necessary to explain our reasoning.

United States v. Chon, 210 F.3d 990, 995 (9th Cir.), cert. denied, 531 U.S. 910, 121 S.Ct. 259, 148 L.Ed.2d 187 (2000); see United States v. Arzate–Nunez, 18 F.3d 730, 737 (9th Cir.1994) (stating that "[a] defendant who enters a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2) must state in writing any issues he wishes to reserve for appeal and may lose the right to appeal issues not so expressly reserved").

Appellant's facial and as-applied challenges to the constitutionality of the statute of conviction are foreclosed by our decisions in United States v. Carranza, 289 F.3d 634 (9th Cir.2002), and United States v. Mendoza–Paz, 286 F.3d 1104 (9th Cir. 2002). See Carranza, 289 F.3d at 643 (holding that an as-applied challenge failed because the defendant was never exposed to a sentence beyond the prescribed statutory maximum); Mendoza–Paz, 286 F.3d at 1110 (rejecting a facial challenge to the constitutionality of § 960). We reject Appellant's argument regarding the statutory minimum sentence because (1) his sentence was well below the statutory minimum, and (2) Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not apply to mandatory minimum sentences, Harris v. United States, — U.S. ——, 122 S.Ct. 2406, 2417–19, 153 L.Ed.2d 524 (2002); United States v. Hitchcock, 298 F.3d 1021 (9th Cir.2002), amending 286 F.3d 1064 (9th Cir.2002). Appellant's arguments regarding the indictment also fail. Unlike the cases on which Appellant relies, the indictment in the instant case included every element of the offense and was not deficient; furthermore, we have held that "[a] defendant charged with importing or possessing a

drug is not required to know the type and amount of drug." Carranza, 289 F.3d at 644. The judgment of conviction and the sentence imposed by the district court are

AFFIRMED.